IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DREW JAMAL POLLARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 118-077 |
| | ) | (Formerly CR 108-061) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Drew Jamal Pollard, an inmate at the Federal Correctional Institution in Jesup, Georgia, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. The petition is before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court **REPORTS** and **RECOMMENDS** the motion for appointment of counsel (doc. no. 2) be **DENIED**, the § 2255 motion be **DISMISSED**, and this civil action be **CLOSED**.

**I.   BACKGROUND**

On April 3, 2008, the grand jury in the Southern District of Georgia charged Petitioner and three co-defendants with one count of conspiracy to commit robbery of a credit union, one count of hijacking of a motor vehicle, one count of armed robbery of a credit union, and two counts of using, carrying, and brandishing a firearm during a crime of violence. United States v. Pollard, CR 108-061, doc. no. 14 (S.D. Ga. Apr. 3, 2008) (hereinafter "CR 108-061"). Represented by Kirk Emerson Gilliard, Petitioner pled guilty to

the armed robbery and firearm charges in Counts Four and Five on February 13, 2009. Id., doc. nos. 155-57. In exchange for Petitioner's guilty plea, the government agreed to dismiss the remaining counts. Id., doc. no. 156, pp. 1-2. By pleading guilty, Petitioner admitted the factual basis for his conviction. Id. at 6-7.

Petitioner's plea agreement included a broad appeal and collateral attack waiver that stated in relevant part:

> Understanding that 18 U.S.C. § 3742 provides for an appeal by a defendant of the sentence under certain circumstances, the defendant as a part of this agreement and in consideration for the government's promises hereunder, expressly waives any and all rights conferred by that statute to appeal any sentence imposed that is within the sentencing guideline maximums. The defendant, as a part of this agreement and in consideration for the government's promises hereunder, also expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement.

Id. at 4-5.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-four, Criminal History Category at I, and Guidelines imprisonment range at fifty-one to sixty-three months as to Count Four, and 120 months consecutive as to Count Five. PSI ¶ 62. Judge Hall sentenced Petitioner to 180 months imprisonment, and judgment was entered on May 14, 2009. CR 108-061, doc. no. 194.

## II. DISCUSSION

### A. Petitioner is Not Entitled to Court-Appointed Counsel.

As to Petitioner's request for appointment of counsel, there is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[1]; see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in those rare cases where under the circumstances the fundamental fairness component of due process requires appointment of counsel," there is no federal constitutional right to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2:2, at 217 (2017 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

3

counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court, as evidenced by his properly filing the present § 2255 motion and motion for appointment of counsel. Moreover, as explained below, his case is due to be dismissed because it does not fall within the parameters of Dimaya. Therefore, the motion for appointment of counsel should be **DENIED**. (Doc. no. 2.)

### B. The § 2255 Motion Should Be Dismissed as Untimely and Without Merit.

The focus of Petitioner's current motion is the consecutive sentence of 120 months imposed for the firearms charge under § 924(c). To understand Petitioner's contention, one must first understand the origins of Petitioner's sentence under § 924(c). This code section establishes certain minimum sentences for "any person who, during and in relation to any crime of violence or drug trafficking crime[,] . . . uses or carries a firearm." 18 U.S.C. § 924(c)(1)(A). Subsection (c)(3) defines "crime of violence" as an offense that is a felony and:

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The former is the use-of-force clause and the latter is the residual clause. For defendants using a firearm during a crime of violence, subsection (c)(1)(B)(i) specifies a minimum consecutive sentence of ten years if the firearm "is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon . . . ." 18 U.S.C. § 924(c)(1)(B)(i). The Court sentenced Petitioner to a ten-year consecutive sentence based

4

on findings that (1) armed robbery qualifies as a crime of violence under § 924(c)(3); and (2) Petitioner used or brandished a short-barreled shotgun during the armed robbery. See PSI; CR 118-061, doc. no. 194.

On April 17, 2018, in Sessions v. Dimaya, the Supreme Court found the "residual clause" of 18 U.S.C. § 16(b), as incorporated by the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F), to be void for vagueness and a violation of the Constitution's guarantee of due process. 584 U.S. _, 138 S. Ct. 1204, 1210-11, 1223 (2018). The "residual clause" of 18 U.S.C. § 16 defines a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The Court held the § 16(b) residual clause failed for the same reasons enumerated in Johnson v. United States, 576 U.S. _, 135 S. Ct. 2551 (2015), where the Court invalidated as unconstitutionally vague a similar residual clause in the Armed Career Criminal Act ("ACCA"). Dimaya, 138 S. Ct. at 1223. Petitioner argues Dimaya is "new law" which invalidates his guilty plea because 18 U.S.C. § 924(c)(3) contains a residual clause mirroring § 16(b) at issue in Dimaya. (Id.)

As an initial matter, Dimaya has not been "made retroactively applicable to cases on collateral review," which would allow Petitioner to bring his § 2255 motion outside the one-year statute of limitations found in 28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2255(f)(3). Petitioner's § 2255 is therefore untimely.

Furthermore, the motion should be dismissed on the merits.  Validity of the residual clause in § 924(c)(3)(B) is irrelevant because Petitioner pled guilty to committing armed robbery under 198 U.S.C. § 2113(a), and the Eleventh Circuit has determined such a conviction qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A). In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016).  Neither Dimaya nor Johnson calls into question validity of the use-of-force clause.  Consequently, even if § 924(c)'s residual clause is void for vagueness as Petitioner contends, his conviction for armed robbery qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the motion for appointment of counsel be **DENIED**, (doc. no. 2), the § 2255 motion be **DISMISSED,** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of May, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA